Alfredo Hernandez, Plaintiff-Appellant,
v.
Jay A. Romero and Cigna Healthcare of Ct, Inc., Defendants,
Oraco, Inc., Oraco, Inc. d/b/a Satellite TV and American Family Mutual Insurance Company, Defendants-Respondents.
No. 2006AP2783.
Court of Appeals of Wisconsin, District I.
September 11, 2007.
Before Wedemeyer, Fine and Kessler, JJ.
¶ 1 KESSLER, J.
Alfredo Hernandez appeals from an order granting summary judgment to defendants Oraco, Inc., Oraco, Inc. d/b/a Satellite TV and American Family Mutual Insurance Company.[1] Because we determine that disputed material facts exist in the record precluding summary judgment, we reverse and remand.

BACKGROUND
¶ 2 On March 6, 2002, Jay A. Romero was driving in his brother's truck when at approximately 9:00 p.m., he failed to stop at a red traffic light and hit the vehicle being driven by Hernandez. Hernandez was injured as a result of the incident and sought to recover damages from Romero and who he believed Romero's employer to be, i.e., Satellite TV, its parent company, Oraco, Inc., and their insurer, American Family Mutual Insurance Company.
¶ 3 On February 2, 2002, Romero had executed an agreement with Satellite TV defining his relationship with that company. That agreement is entitled "General Independent Contractor Agreement" (Contract). The Contract sets forth, in pertinent part, what services are to be performed, what documentation and in what manner Romero would need to provide it to the company to be paid for his services, confirmation that no payroll taxes would be withheld, that no worker's compensation insurance would be paid on behalf of Romero, that Romero was entitled to no benefits such as vacation or sick time, and that Romero was responsible for purchasing his own liability insurance, as well as paying for all of his expenses and obtaining all necessary business permits, certificates and licenses. The provision entitled "Independent Contractor Status" specifically states that Romero is not an employee of Satellite TV and accordingly, he retains the following rights:
 "the right to perform services for others during the term of [the Contract]";
 "the sole right to control and direct the means, manner and method by which the services required by [the Contract] will be performed"; and
 "the right to perform the services required by [the Contract] at any place, location or time."
Additionally, this provision stated that Romero "will furnish all equipment and materials used to provide the services required by [the Contract]."
¶ 4 The Contract also includes two exhibits. Exhibit A sets forth the services which Romero is contracting to perform and Exhibit B sets forth the terms for payment by Satellite TV to Romero. A copy of Exhibit A exists in the record; however, there is no copy of Exhibit B.[2]
¶ 5 Defendants Oraco, Inc., Oraco, Inc. d/b/a Satellite TV, and American Family brought motions for summary judgment, seeking dismissal on the basis that Romero was an independent contractor and, therefore, none of these defendants were liable to Hernandez for Romero's negligence.
¶ 6 The trial court held a hearing on the motions for summary judgment. The trial court first considered whether the Contract was valid and enforceable in light of Hernandez's argument that it was missing an essential element, i.e., the effective date was left blank, though both parties signed and dated the Contract. The trial court found that the Contract was valid and, accordingly, that Romero was an independent contractor. Based upon this determination, the trial court granted Oraco's, Satellite TV's and American Family's motions for summary judgment. Hernandez appeals. Additional facts are provided in the remainder of the opinion as needed.

STANDARD OF REVIEW
¶ 7 Our review of a trial court's grant of summary judgment is de novo, and we apply the same methodology as the trial court, benefiting from its analysis. Everson v. Lorenz, 2005 WI 51, ¶9, 280 Wis. 2d 1, 695 N.W.2d 298. That methodology is well-established and we will not repeat it here. See, e.g., Lambrecht v. Estate of Kaczmarczyk, 2001 WI 25, ¶¶20-24, 241 Wis. 2d 804, 623 N.W.2d 751. "`[S]ummary judgment is a drastic remedy and should not be granted unless the material facts are not in dispute, no competing inferences can arise, and the law that resolves the issue is clear.'" Stephenson v. Universal Metrics, Inc., 2001 WI App 173, ¶3, 247 Wis. 2d 349, 633 N.W.2d 707 (citation omitted). Facts, and inferences drawn from those facts, presented by the moving party, "should be viewed in the light most favorable to the party opposing the motion, and doubts as to the existence of a genuine issue of material fact are resolved against the moving party." Lambrecht, 241 Wis. 2d 804, ¶23 (footnote omitted).

DISCUSSION
¶ 8 Hernandez argues that there are material facts in dispute which preclude summary judgment. Specifically, Hernandez argues that Oraco failed to "offer a single item of proof, sufficient to support a motion for summary judgment" and noted that "[c]onspicuously absent from Oraco's moving papers is any evidence, affidavits or other material, from any of Oraco's owners, managers, or agents." Oraco and Satellite TV, as well as American Family, argue that the Contract is valid and enforceable, and therefore, Romero is an independent contractor such that they have no liability for Romero's negligence in the March 6, 2002 automobile accident.
¶ 9 In order for Oraco and Satellite TV to be vicariously liable for Romero's negligence, Oraco and/or Satellite TV must have a master-servant[3] relationship over Romero; this is the doctrine of respondeat superior. Kerl v. Dennis Rasmussen, Inc., 2004 WI 86, ¶17, 273 Wis. 2d 106, 682 N.W.2d 328. "A person who contracts to perform services for another but is not a servant is an independent contractor." Id., ¶24. The use in the contract of the label "independent contractor," however, is not dispositive. See Madison Newspapers, Inc. v. Wisconsin DOR, 228 Wis. 2d 745, 764, 599 N.W.2d 51 (Ct. App. 1999). Rather, "the test looks beyond the labels to factual indicia of control or right to control," Kerl, 273 Wis. 2d 106, ¶24, with "the dominant test [being] who has the right to control the details of the work," Madison Newspapers, 228 Wis. 2d at 764; see also Snider v. Northern States Power Co., 81 Wis. 2d 224, 232, 260 N.W.2d 260 (1977) ("The most important single criterion in determining whether a person is an independent contractor is the degree to which the owner, rather than the independent contractor, retains the right to control the details of the work.").
¶ 10 Hernandez cites numerous facts from Romero's deposition which Hernandez alleges prove that Satellite TV exercised the right to control Romero's everyday work activities such that Romero was acting not as an independent contractor, but rather as a "servant." These facts include:
 All equipment for the job was picked up from Satellite TV.
 Romero was required to purchase some of the tools and equipment that were required to complete the work orders from Satellite TV, such as coaxial cable, crimpers and connectors.
 Any training on new or updated equipment to be installed was provided by managers of Satellite TV.
 If Satellite TV gave Romero a work order, he had to take it; if he took one work order for the day, he had to take all of them scheduled for that day and presented to him by Satellite TV.
 Romero had no choice of what work orders he would take or where the jobs (e.g., Wisconsin, Illinois) were located.
 Romero had no choice as to when he would complete the work ordershe had to complete them within a "window" of time set by Satellite TV.
 Romero was not allowed to modify any of the work orders without prior approval by Satellite TV.
 Romero had to check in with Satellite TV at the completion of each work order, before going on to the next installation scheduled by Satellite TV for that day.
 Romero had to turn in the completed work orders, signed by the customer, the same day or no later than the next morning.
 Romero was given no copies of the completed work orders to keep for his records.
 If he encountered a problem at a worksite, Romero always called Satellite TV for instructions or assistance.
 All customer complaints were first directed to Satellite TV; the manager would then instruct Romero on how to resolve the complaint.
 As to the Contract, Romero testified that he was told to sign the agreement in order to keep his job.
¶ 11 Oraco, Satellite TV and American Family argue that the terms of the Contract demonstrate that Romero knew that he was acting, and did act, as an independent contractor. These facts include:
 Romero admitted that he had approximately fifteen to twenty minutes to review the Contract before he signed it, that he had no difficulty reading the Contract, and that he signed it.
 No other document existed, other than the Contract, evidencing Romero's employment status with Satellite TV.
 Romero provided his own vehicle, and paid for his own gas and maintenance.
 Romero was trained by his brother, not by Satellite TV, on how to install the equipment.
 Romero was paid on a "per job" basis, not hourly or by a salary.
 Payment was contingent upon Romero turning in work orders that had been properly completed; if the work order was not properly completed, Romero was not paid, even if the work was completed, until he turned in the work order signed by the customer in the manner desired by Satellite TV.
 Romero used his own tools to do the installations.
 Romero was not issued a uniform nor told that he must dress in a certain manner when completing work orders.
 Satellite TV only provided time frames within which Romero was to complete the installation, and did not physically supervise his work.
 Romero understood that he could do "other jobs on the side" including other TV installations.
 If there was a problem with an installation, Romero was responsible for fixing it, without receiving any additional compensation from Satellite TV.
 Romero admitted that he did not receive any tax withholding, any vacation or sick days, or any health or retirement benefits.
 Romero knew that he would not get worker's compensation benefits through Satellite TV.
 Romero admitted that he was told that he needed to get automobile insurance.
 Romero was not guaranteed work, and when getting work, was not guaranteed a particular number of work orders.
¶ 12 We must review the facts in the record in the light most favorable to the non-moving party. See Lambrecht, 241 Wis. 2d 804, ¶23. Based upon our review of the record, which includes Romero's deposition testimony and the Contract, there are disputed material facts from which a jury could find that Satellite TV exercised sufficient control of Romero's daily work activities to create a master-servant relationship. Accordingly, we reverse the trial court's grant of summary judgment and remand for a trial.

Scope of employment
¶ 13 The respondents in this appeal argue that should this court determine that Romero was not an independent contractor, we should still affirm the dismissal of Hernandez's claims on the ground that Romero was not acting within the scope of his employment at the time of the accident, citing to DeRuyter v. Wisconsin Electric Power Co., 200 Wis. 2d 349, 546 N.W.2d 534 (Ct. App. 1996), aff'd by an equally divided court, 211 Wis. 2d 169, 565 N.W.2d 118 (1997). Hernandez responds that "[w]hether an employee acts within the scope of his or her employment is generally a fact issue to be decided by a jury," citing Cameron v. City of Milwaukee, 102 Wis. 2d 448, 456-57, 307 N.W.2d 164 (1981). Although addressed by the parties in their summary judgment briefs, because the trial court determined that Romero was an independent contractor, it did not reach this issue.
¶ 14 As noted above, an employer can be held vicariously liable for the negligent acts of its employees while they are acting within the scope of their employment under the doctrine of respondeat superior. Kerl, 273 Wis. 2d 106, ¶17.
A servant ... is within the scope of his or her employment when he or she is performing work or rendering services in obedience to the express orders or direction of his or her master, or doing that which is warranted within the terms of his or her express or implied authority, considering the nature of the services required, the instructions which he or she has received, and the circumstances under which his or her work is being done or the services are being rendered.
Estate of Murray v. Travelers Ins. Co., 229 Wis. 2d 819, 824-25, 601 N.W.2d 661 (Ct. App. 1999) (emphasis added; footnote, citation and internal quotation marks omitted). The court's focus in analyzing whether an employee acts within the scope of employment is on the employee's intent at the time the negligence occurred. Stephenson, 247 Wis. 2d 349, ¶10.
[A]n employee acts within the scope of his or her employment as long as the employee is, at least, "partially actuated by a purpose to serve the employer." On the other hand, an employee does not act within the scope of his or her employment if the employee does something that "is different in kind from that authorized [by the employer], far beyond the authorized time or space limits [established for the employment], or too little actuated by a purpose to serve the" employer. Moreover, "[s]erving the employer need not be the sole purpose of the employee's conduct, nor need it be even the primary purpose" for the employee to be acting within the scope of the employment.
Id. (citations omitted; bracketed text in original). As we noted in Stephenson, this analysis "can rarely be resolved by the court as a matter of law." Id., ¶14. Rather, "whether an employee acts within the scope of his or her employment is generally a fact issue to be decided by a jury." Id. Here, Romero had been directed by Satellite TV to pick up materials for the next day's job at the company warehouse. Romero elected to use his brother's vehicle to accomplish that assignment and was returning home with the required materials when he ran the red light. Satellite TV did not provide a vehicle and did not require Romero to use any particular vehicle. A jury could determine that Romero was acting within the scope of his employment at the time of the accident. Accordingly, respondents are not entitled to summary judgment on the scope of employment.
By the Court.  Order reversed and cause remanded with directions.
NOTES
[1] Additional defendants had been previously dismissed from the lawsuit, but their dismissal is not being appealed here and accordingly, we will not discuss them further.
[2] A copy of Romero's deposition transcript is in the record and there appears to be questioning regarding Exhibit B, including its being marked as a deposition exhibit; however, no copies of the deposition exhibits are in the record before us.
[3] The master-servant relationship arises under agency: "all servants are agents but not every agent is a servant. Unless an agent is also a servant, his principal will not be vicariously liable for his tortious conduct except under certain limited circumstances." Kerl v. Dennis Rasmussen, Inc., 2004 WI 86, ¶20, 273 Wis. 2d 106, 682 N.W.2d 328 (citation and footnote omitted).